## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-20587-JEM/Becerra

TERESA LITES, individually and on behalf of all
others similarly situated

      Plaintiff,

v.

AMAZON.COM SERVICES, LLC,

      Defendant.

_____/

## REPORT AND RECOMMENDATION[1] ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**THIS CAUSE** came before the Court on Defendant Amazon.com Services LLC's ("Defendant" or "Amazon") Motion to Dismiss Plaintiff's Second Amended Complaint and Memorandum of Law in Support (the "Motion" or "Motion to Dismiss"). ECF No. [35]. Plaintiff filed a Response, ECF No. [38], and Defendant filed a Reply, ECF No. [40]. Plaintiff filed a Notice of Supplemental Authority, ECF No. [52], which Defendant responded to, ECF No. [53], and the Parties also submitted a Joint Notice of Authority, ECF No. [65]. The Parties appeared before the undersigned for oral argument (the "Hearing"). ECF No. [63]. After due consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. [35], be **GRANTED IN PART AND DENIED IN PART**, as discussed further below.

---

[1] The instant motions were referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge.  ECF No. [44].

## I.      BACKGROUND AND INSTANT MOTION

This action arises from a dispute concerning the notice that Defendant provided to Plaintiff upon her termination of employment concerning the option to continue her healthcare benefits. *See generally* ECF No. [34].  Specifically, the dispute concerns whether the notice complied with the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").  COBRA amended the Employee Retirement Income Security Act ("ERISA") to "ensure[] that employees who lose coverage under their company's ERISA plan do not go without health insurance before they can find suitable replacement coverage."  *Green v. FCA US LLC*, No. 20-cv-13079, 2021 WL 1750118, at *2 (E.D. Mich. May 4, 2021) (quoting *Youngstown Aluminum Prods., Inc. v. Mid-West Benefit Servs., Inc.*, 91 F.3d 22, 26 (6th Cir. 1996)).  Among its provisions, COBRA provides that "an employer that sponsors a group health insurance plan must offer employees and qualified beneficiaries the opportunity to continue their health insurance coverage, at group rates but at their own expense, for at least 18 months after the occurrence of a 'qualifying event' and notice to the affected employee."  *Id.* (quoting *Morehouse v. Steak N Shake*, 938 F.3d 814, 818–19 (6th Cir. 2019)).  Notice is required to inform employees and qualified beneficiaries of their right to enroll in continued health insurance coverage within a certain period of time after a qualifying event, such as a termination.  *Id.*; *see also* 29 U.S.C. § 1166(a); 29 C.F.R. § 2590.606-4(a).

Plaintiff alleges that Defendant failed to provide a COBRA-compliant notice regarding the right to continue health insurance benefits following termination, violating federal law and breaching its fiduciary duty.  *See generally* ECF No. [34].  Specifically, Count I of the Second Amended Complaint claims that "Defendant's COBRA notice is not 'written in a manner calculated to be understood by the average plan participant[.]'"  *Id.* ¶ 8. Plaintiff alleges that the COBRA Notice "creates an artificial fear of criminal prosecution or civil liability" because it

"contains an ominous warning suggesting the submission of 'incomplete' information when electing COBRA may result in criminal or civil penalties[,]" which is meant to create fear (the "Fraud Penalties Provision"). *See id.* ¶¶ 8–9.  That section of the COBRA Notice states:

> You certify that all information is complete and accurate to the best of your knowledge. Please note that any person who knowingly provides materially false, incomplete, or misleading information is considered to have committed an act to defraud or deceive the Plan Sponsor(s). The filing of any application for insurance or other claim for benefits based on false, misleading, or incomplete information is a fraudulent act and may result in criminal or civil penalties.

*Id.* (emphasis removed).

Plaintiff also alleges that the COBRA Notice "contains an unnecessary warning of a possible '$50 penalty from the IRS for each failure to provide an accurate tax identification number for a covered individual'" (the "IRS Penalty Provision").  *Id.* ¶ 12. That section of the COBRA Notice states:

> Note: A valid Social Security Number (SSN) or individual tax identification number (ITIN) is required to notify carriers of your COBRA coverage.  In addition, we are required to provide the Internal Revenue Service (IRS) with a social security number (SSN) or individual taxpayer identification number (ITIN) for all individuals enrolled in coverage.  You may be subject to a $50 penalty from the IRS for each failure to provide an accurate tax identification number for a covered individual.

ECF No. [35-1] at 7.

Additionally, Plaintiff alleges in Count I that "Defendant's COBRA Notice violates 29 C.F.R. § 2590.606–4(b)(4)(i) because it does not identify the Plan Administrator.  Instead, it merely identifies the COBRA Administrator, BenefitConnect."  ECF No. [34] ¶ 27.

In Count II of the Second Amended Complaint, Plaintiff alleges that Defendant "breached its fiduciary duty to Plaintiff and the Class" because Amazon "did not provide [a] COBRA notice that was solely in the interest of participants and beneficiaries, for the exclusive purpose of providing benefits to participants and their beneficiaries." *Id.* ¶¶ 128–29.

Defendant moves to dismiss the Second Amended Complaint in its entirety.  *See generally* ECF No. [35].  First, Defendant argues that Plaintiff fails to state a claim under Count I because Plaintiff does not plausibly allege that the COBRA Notice cannot be "understood by the average plan participant," as required by 29 C.F.R. § 2590.606-4(b)(4), and because Defendant is not required to name the plan administrator in the COBRA Notice.  *See id.* at 9–22.  Second, Defendant argues that Plaintiff fails to state a claim under Count II because the section of ERISA for which Plaintiff alleges a violation, 29 U.S.C. § 1104(a), "by itself does not provide a cause of action" but "[r]ather, Plaintiff must state a claim for breach of fiduciary duty under one of the 'Civil Enforcement' provisions, under 29 U.S.C. § 1132(a)[,]" which Plaintiff fails to do.  *Id.* at 22.  Defendant contends that this claim is "duplicative of [Plaintiff's] claim for statutory penalties under § 1132(c)."  *Id.*[2]

Plaintiff responds that she has sufficiently pled her claims.  *See* ECF No. [38] at 5.  As to her allegations concerning whether the COBRA Notice complies with 29 C.F.R. § 2590.606-4(b)(4), Plaintiff responds that the warnings concerning criminal penalties were incorrect statements of the law because the "ERISA fraud statute is contained in 18 U.S.C. § 1027 and only imposes criminal penalties under a 'knowing standard'" whereas the COBRA Notice at issue in the last sentence of the paragraph states that penalties may arise from *any* false statement, even if not knowingly made.  *Id.* at 6.  Plaintiff argues that she has alleged economic injury in addition to informational injury.  *See id.* at 7–8.  Finally, as to Count II, Plaintiff maintains that it is distinct

---

[2] Although Defendant also argued that Plaintiff lacked standing for her claim for injunctive relief, Plaintiff withdrew her request for injunctive relief.  *See* ECF No. [38] at 5 ("To narrow the issues before the Court, Plaintiff withdraws, as to Count I, her prayer for prospective injunctive relief 'enjoining Defendant from continuing to use its defective COBRA notice.' []  As to Count II, Plaintiff withdraws her prayer for relief pursuant to 29 U.S.C. § 1109 for 'make good relief' including 'monetary compensation' and 'an order enjoining Defendant from continuing to use its defective COBRA notice.'")  (internal citations omitted).

from her other claims and sufficiently pled. *See id.* at 17–19.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). A pleading is facially plausible when the plaintiff states enough facts for the court to draw a "reasonable inference" that the defendant is liable for the alleged conduct. *Iqbal*, 556 U.S. at 678. Additionally, courts typically "may not consider materials outside 'the four corners of the complaint' when ruling on a motion to dismiss for failure to state a claim under [Rule] 12(b)(6)" unless the extrinsic document is: "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Douzable v. NewRez, LLC*, No. 19-cv-61203, 2019 WL 8888210, at *1 (S.D. Fla. Oct. 10, 2019) (quoting *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)).

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a pleading for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "When a defendant files a Rule 12(b)(1) motion, the plaintiff, as the party invoking the authority of a federal court to seek relief, bears the burden of establishing federal subject-matter jurisdiction." *Thompson v. Ryder System, Inc*, No. 22-cv-20552 (S.D. Fla. October 11, 2022), Order, ECF No. [29] at 3 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). A challenge to a plaintiff's Article III standing is a challenge to federal subject-matter jurisdiction, such that it falls under Rule 12(b)(1). *Id.*

(citing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)).  To establish standing, a plaintiff must show "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  An injury must be "concrete and particularized," such that it "affect[s] the plaintiff in a personal and individual way." *Sierra v. City of Hallandale Beach*, *Fla.,* 996 F.3d 1110, 1112–13 (11th Cir. 2021).  Moreover, a "plaintiff must demonstrate standing for each claim and for each form of relief that is sought." *J W by & through Tammy Williams v. Birmingham Bd. of Educ.*, 904 F.3d 1248, 1264 (11th Cir. 2018) (quoting *Town of Chester, N.Y. v. Laroe Ests.*, 137 S. Ct. 1645, 1650 (2017)).  Further, when a plaintiff seeks declaratory or injunctive relief, a plaintiff must show that there is "a sufficient likelihood that he [or she] will be affected by the allegedly unlawful conduct in the future." *Sierra*, 996 F.3d at 1113 (quoting *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004)).

### III.    ANALYSIS

### A.    Count I

Plaintiff sets forth two bases for her Count I claim that the COBRA Notice violates 9 U.S.C. § 1166 due to failure to comply with 29 C.F.R. § 2590.606-4(b)(4).  *See* ECF No. [35] at 9–22. The first violation that Plaintiff alleges is that the inclusion of criminal and civil penalties in the COBRA Notice—the Fraud Penalties Provision and the IRS Penalty Provision—were not only unnecessary in that they are not part of the standard notice, but the Fraud Penalties Provision was also incorrect in that the last sentence of that provision states that criminal penalties apply whenever false information is provided, even if the person had no knowledge that the information was false.  Because that statement of law is incorrect, Plaintiff alleges that the COBRA Notice

violates the statute.  The second violation that Plaintiff alleges is that Defendant failed to identify the plan administrator.  *See id.*  Defendant challenges the sufficiency of allegations concerning both bases of Count I, and the undersigned addresses each below.

**1.  Plaintiff Has Sufficiently Pled Count I as to the Inclusion of Criminal and Civil Penalties in the COBRA Notice.**

Defendant argues that the reference to both potential criminal and civil penalties in the COBRA Notice, including the Fraud Penalties Provision and the IRS Penalty Provision, does not violate the COBRA implementing regulations at 29 C.F.R. § 2590.606-4(b)(4).  *See* ECF No. [35] at 9–18.  The first issue to consider, which is dispositive of the argument at least at this juncture, is whether the Second Amended Complaint sufficiently alleges that the statement in the COBRA Notice is inaccurate. Although not controlling, Plaintiff relies on a case from the Eastern District of Michigan that found that the plaintiffs had adequately stated a claim like Plaintiff's where the COBRA notice was "identical" to the one in this case.  ECF No. [38] at 11–12 (citing *Green v. FCA US LLC*, No. 20-cv-13079, 2021 WL 1750118, at *5 (E.D. Mich. May 4, 2021)).  Plaintiff notes that the court in *Green* concluded that "[t]he notice states . . . that a participant could be subject to a penalty for providing incomplete information, which is not a strictly accurate statement of the law."  *Id.* (quoting *Green*, 2021 WL 1750118, at *5).  Plaintiff contends that there is "no compelling reason for this Court to deviate from *Green*."  *Id.*

In *Green*, the plaintiffs alleged that the COBRA notice issued to the plaintiffs could not be understood by the average plan participant because "it contained unnecessary warnings that confused and discouraged [plaintiffs] from electing continued health care coverage" by including "an ominous warning suggesting that the submission of even 'incomplete' information when electing COBRA may result in civil, or even criminal, penalties" and a statement warning of "the assessment of a '$50 penalty from the IRS for each failure to provide an accurate tax identification

number for a covered individual[.]'"  *Green*, 2021 WL 1750118, at *1 (citation omitted).  The

plaintiffs claimed "that the notice misstates the law, because incomplete information (rather than

knowingly false information) should not subject an applicant to penalties."  *Id.* at *4 (citing 18

U.S.C. § 1027).  In evaluating the sufficiency of the plaintiff's claims that the COBRA notice

violated 29 C.F.R. § 2590.606-4(b)(4), the court noted that "[c]ase law or other guidance

interpreting this provision is scarce, although it appears to be 'an objective standard rather than

requiring an inquiry into the subjective perception of the individual participants.'"  *Id.* at *4

(quoting *Wilson v. Sw. Bell Tel. Co.*, 55 F.3d 399, 407 (8th Cir. 1995)).  The court looked to other

ERISA provisions as guidance to conclude that "this standard 'will usually require the limitation

or elimination of technical jargon and of long, complex sentences, the use of clarifying examples

and illustrations, the use of clear cross references and a table of contents.'"  *Id.* (quoting 29 C.F.R.

§ 2520.102-2).  Moreover, "[t]he notice must be sufficient to permit the discharged employee to

make an informed decision whether to elect coverage."  *Id.* (quoting *Scott v. Suncoast Beverage

Sales, Ltd.*, 295 F.3d 1223, 1230 (11th Cir. 2002)).  The court then concluded that the notice's

statement "that a participant could be subject to a penalty for providing incomplete information"

was "not a strictly accurate statement of the law" and while it was "perhaps a close call[,]" the

plaintiffs alleged a plausible claim and arguments concerning the merits of the claim were

appropriate for summary judgment.  *Id.* at *5.

In a recent case from the Middle District of Florida, the court likewise found that

substantively similar challenges to the same COBRA notice provisions concerning the ability of

the average plan participant to understand the notice were appropriately addressed at the merits

stage of litigation.  *Spano v. Bluetriton Brands, Inc.*, No. 22-cv-00850, Order Granting in Part and

Denying in Part Defendant's Motion to Transfer Venue to the U.S. District Court for the Northern

District of Ohio, Or – In the Alternative – Motion to Dismiss Plaintiffs' Amended Complaint (S.D. Fla. Nov. 21, 2022), ECF No. [50].[3]  The court noted that the "[d]efendant's arguments address the merits of the claim and are not appropriate to resolve at this stage of the proceedings" and "[i]t remains to be determined whether, under an objective standard, the notice is sufficient to allow the average plan participant to make an informed decision regarding whether to elect coverage."  *Id.* at 4 (citing *Green*, 2021 WL 1750118, at *5).

Although not controlling, the undersigned finds *Green* and *Spano* persuasive.  At this stage of the litigation, Plaintiff has plausibly alleged that the COBRA Notice was not "written in a manner calculated to be understood by the average plan participant" given that the penalties included in the Fraud Penalties Provision of the COBRA Notice are "not a strictly accurate statement of the law[.]"  *Green*, 2021 WL 1750118, at *5.  Additionally, as to both the Fraud Penalties Provision and the IRS Penalty Provision, at this stage of the litigation, Plaintiff has sufficiently alleged that those warnings, whether accurate or not, would prevent the average plan participant from understanding the COBRA Notice; of course, the merits of that argument is a matter for summary judgment.  Accordingly, as to this theory of Count I, the undersigned **RECOMMENDS** that the Motion to Dismiss be **DENIED**.

### 2. Plaintiff Has Not Sufficiently Pled Count I as to the Failure to Identify the Plan Administrator.

Defendant also challenges Plaintiff's claim as to the failure to identify the plan administrator, violating 29 C.F.R. § 2590.6064(b)(4)(i).  The text of the regulation states, "[t]he

---

[3] The COBRA notice provision in *Spano* contains the exact same language as the Fraud Penalties Provision here.  *See Spano v. Bluetriton Brands, Inc.*, No. 22-cv-00850, Defendant's Motion to Transfer Venue to the U.S. District Court for the Northern District of Ohio, Or – In the Alternative – Motion to Dismiss Plaintiffs' Amended Complaint, and Memorandum of Law in Support (S.D. Fla. Sept. 13, 2022), ECF No. [40] at 13.

notice . . . shall contain the . . . name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits[.]"   29 C.F.R. § 2590.6064(b)(4)(i).   Defendant argues that Plaintiff's claim fails as to the allegations concerning the failure to identify the plan administrator because the COBRA regulations require Defendant to identify in the COBRA Notice "the name, address and telephone number of ***the party responsible under the plan for the administration of continuation coverage benefits***[.]"   ECF No. [35] at 19–20 (emphasis in original) (citing 29 C.F.R. § 2590.606-4(b)(4)(i)).   Thus, according to Defendant, Amazon has satisfied this requirement because the COBRA Notice "provid[es] the required contact information of its COBRA administrator, BenefitConnect, who is the party 'responsible for COBRA administration[.]'"   *Id.* at 20.   Defendant argues that Plaintiff's argument that "the regulation requires the COBRA Notice to name the 'Plan Administrator' . . . . has already been rejected" as "the plain language of the regulation does not support it[.]"   *Id.* (citing *Carter v. Sw. Airlines Co. Bd. of Trs.*, No. 20-cv-1381, 2020 WL 7334504, at *6 (M.D. Fla. Dec. 14, 2020)) (internal citations omitted).

Plaintiff argues that "Defendant cannot dispute that nowhere on its COBRA notice is Defendant, the plan administrator and the party ultimately responsible under the plan for the administration of continuation benefits coverage, identified. But even the 'purported' administrator, BenefitConnect, is misidentified" because "[t]he 'true' COBRA administrator is Willis Towers Watson."   ECF No. [38] at 15.   Plaintiff cites to *Bryant v. Wal-Mart Stores, Inc.*, No. 16-cv-24818, 2019 WL 3542827, at *3 (S.D. Fla. Apr. 18, 2019), where the court denied the motion to dismiss where the defendant raised similar arguments to those here.   *See id.* at 16.

Following the Parties' briefing, Plaintiff submitted a Notice of Supplemental Authority, informing the Court of a recent case from this District, *Thompson v. Ryder System, Inc*, No. 22-

cv-20552 (S.D. Fla. Oct. 11, 2022), Order, ECF No. [29].  ECF No. [52].  Defendant then filed a Response to Plaintiff's Notice of Supplemental Authority, arguing that *Thompson* actually supported Defendant's arguments.  *See* ECF No. [53].  In *Thompson*, like here, the plaintiff alleged that the COBRA notice received by the defendant "contained deficiencies that caused him to misunderstand the notice and thus fail to elect to receive COBRA benefits[.]"  *Thompson*, No. 22-cv-20552, ECF No. [29] at 1–2.  In particular, the plaintiff claimed "that Defendant's Enrollment Notice violated section 2590.606-4(b)(4)(i) because it omitted the identity of the health plan administrator."  *Id.* at 8.  Like Defendant here, the defendant argued that "it did not need to list the plan administrator because it identified 'the party responsible for the administration' of the plan[,]" implicitly arguing that there "is a distinction between the plan administrator and 'the party responsible for the administration' of the plan."  *Id.*  The Court looked to the regulation's text and found that the plain language of the statute supported the defendant's argument that only "the party responsible for the administration" must be identified in a COBRA notice.  *Id.* at 8–9; *see also* 29 C.F.R. § 2590.606-4(b)(4)(i) ("The notice . . . shall contain the . . . name, address and telephone number *of the party responsible under the plan for the administration* of continuation coverage benefits[.]") (alterations and emphasis added).

At the Hearing, when asked for Plaintiff's response in light of *Thompson*, counsel for Plaintiff acknowledged that "if the Court were to rule on it today, based on what the Court knows, then [Plaintiff] would be hard pressed to argue that that claim should survive."  *See* ECF No. [63]. Instead, Plaintiff's counsel sought *ore tenus* leave to amend the Amended Complaint, based on a recent corporate representative deposition during which Plaintiff learned that Defendant identified neither the plan administrator *nor* the COBRA administrator.  *See id.*  Such relief is not properly before the Court at the time, although Plaintiff may choose to seek leave to amend if she wishes.

Accordingly, given that section 2590.606-4(b)(4)(i) does not require identifying the plan administrator, and Plaintiff's Amended Complaint sets forth allegations based only on this issue, the undersigned hereby **RECOMMENDS** that the Motion to Dismiss be **GRANTED IN PART** and that Count I be **DISMISSED** as to claims concerning the failure to identify the plan administrator.

### B.    Count II

In Count II, Plaintiff alleges that Defendant "breached its fiduciary duty to Plaintiff and the Class" because Defendant "did not provide [a] COBRA notice that was solely in the interest of participants and beneficiaries, for the exclusive purpose of providing benefits to participants and their beneficiaries."  ECF No. [34] ¶¶ 128–29.  Defendant argues that Plaintiff's Count II claim should be dismissed because although Plaintiff seeks to bring a claim that Defendant breached its fiduciary duties under 29 U.S.C. § 1104(a), "this section of ERISA by itself does not provide a cause of action.  Rather, Plaintiff must state a claim for breach of fiduciary duty under . . . 29 U.S.C. § 1132(a)" and "Plaintiff does not plead Count II under a specific subsection of 29 U.S.C. § 1132(a) . . . but . . . it appears that Plaintiff is seeking 'injunctive relief pursuant to 29 U.S.C. § 1132(a)(3)' to remedy her alleged breach of fiduciary claim."  ECF No. [35] at 22.  Because "the exact same factual predicate—Plaintiff received a notice of her continuation coverage rights under COBRA that was allegedly defective, and she was purportedly injured as a result" provides the basis for both Count I and Count II, and because Count I wherein Plaintiff seeks statutory penalties under 29 U.S.C. § 1132(c) provides "adequate relief" to remedy the alleged COBRA violation, Defendant contends that Count II is impermissibly duplicative of Plaintiff's statutory penalties claim and should be dismissed.  *See id.* at 23–24 (citing *Williamson v. Travelport, LP*, 953 F.3d 1278, 1297 (11th Cir. 2020); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1288 (11th Cir. 2003); *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1088 (11th Cir. 1999)).

Plaintiff responds that the fact that Counts I and II arise from the same "general" set of facts is insufficient to warrant dismissal.  ECF No. [38] at 18.  Under Count I, Plaintiff contends, "an exhaustive analysis of the COBRA notice itself" is required, whereas Count II "focuses on the processes and motivation behind Defendant's COBRA notice - whether Defendant breached its duty of loyalty and discharged its COBRA notice duties 'prudently' and 'solely' in the interest of Plaintiff and other plan participants."  *Id.*  According to Plaintiff, "[w]hether Defendant breached [its fiduciary] duty, and why it used a deficient COBRA notice, is a different theory of liability for which Plaintiff and the class are seeking a different remedy."  *Id.*

In Count I, Plaintiff seeks statutory penalties pursuant to 29 U.S.C. § 1132(c).  In Count II, Plaintiff seeks equitable relief pursuant to 29 U.S.C. § 1132(a)(3).  The Eleventh Circuit has made clear that "an ERISA plaintiff has no cause of action under [one provision of ERISA] where Congress provided for an adequate remedy elsewhere in the ERISA statutory framework . . . ." *Ogden*, 348 F.3d at 1285.  The question before the Court, then, is whether Plaintiff had an adequate remedy pursuant to 29 U.S.C. § 1132(c).

The Court is bound by Eleventh Circuit precedent in *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1088 (11th Cir. 1999) and *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287 (11th Cir. 2003).  In *Katz*, in affirming the district court's dismissal of the plaintiff's equitable claims, the Court held that an ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(B), § 1132(a)(1)(B), cannot alternatively plead and proceed under Section 502(a)(3), § 1132(a)(3).  197 F.3d at 1088.  In so holding, the Court relied on Supreme Court precedent, *Varity Corp. v. Howe*, 516 U.S. 489, 502 (1996), and reasoned that "the availability of an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor."  *Id.* at 1089.

The Eleventh Circuit expanded upon this reasoning in *Ogden*.  In *Ogden*, a district court had found that plaintiffs, who challenged the denial of their claim due to a pre-existing condition, "were entitled to equitable relief under Section 502(a)(3) . . . even though their Section 502(a)(1)(B) claim to recover payment under [the plan at issue] was barred by an earlier action that was resolved against them in an Alabama state court."  348 F.3d at 1285.  In *Ogden*, the Eleventh Circuit noted that in *Varity*, "the Supreme Court emphasized that Section 502(a)(3) is a 'catchall' provision that provides relief only for injuries that are not otherwise adequately provided for by ERISA" and so "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would not be 'appropriate.'"  *Id.* at 1287 (quoting *Varity*, 516 U.S. at 515).  Accordingly, "[t]he central focus of the *Varity* inquiry 'involves whether Congress has provided an adequate remedy for the injury alleged elsewhere in the ERISA statutory framework.'"  *Id.* at 1288 (quoting *Hembree ex rel. Hembree v. Provident Life & Acc. Ins. Co.*, 127 F. Supp. 2d 1265, 1274 (N.D. Ga. 2000)).  The Court concluded that plaintiffs "had no cause of action under Section 502(a)(3) because Congress provided them with an adequate remedy elsewhere in the ERISA statutory framework.  *Id.*  As part of its reasoning, the Court noted that plaintiffs "cannot dispute that their injury would be best addressed by a Section 502(a)(1)(B) claim for recovery of benefits under the Plan, as they did not even seek equitable relief in their complaint."  *Id.* at 1287.

Here, Plaintiff initially sought equitable relief pursuant to Section 1132(c)(1), along with the statutory damages that she seeks, in Count I.  However, in her Response, she indicated that she no longer sought such relief.  *See* ECF No. [38] at 5.  Whereas the plaintiffs in *Ogden* failed to seek equitable relief at all, here, Plaintiff initially sought equitable relief pursuant to the statute for which she had an adequate remedy—Section 1132(c), but then abandoned that requested relief in

her Response, instead seeking equitable relief pursuant to Section 1132(a)(3). Additionally, while Plaintiff argues that Counts I and II focus on different evidence (*i.e.* the COBRA Notice itself compared to Defendant's motivation in drafting the COBRA Notice), this does not control the analysis. Rather, because Plaintiff has an adequate remedy—regardless of the merit of that request—under Section 1132(c)(1), as made clear by *Katz* and *Ogden*, Plaintiff cannot bring a cause of action under Section 1132(a)(3). *See Williamson v. Travelport*, *LP*, 953 F.3d 1278,1297 (11th Cir. 2020) (concluding that the plaintiff "has an available remedy under § 1132(a)(1)(B), and therefore cannot assert a claim under § 1132(a)(3)").

Accordingly, the undersigned therefore **RECOMMENDS** that the Motion to Dismiss be **GRANTED** as to Count II, and that Count II be **DISMISSED**.

## IV.    CONCLUSION

Based on the foregoing, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. [35], be **GRANTED IN PART AND DENIED IN PART**, as set forth in this Report and Recommendation.

## V.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers in Miami, Florida on January 20, 2023.

_____

**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**